UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KAVIN LEE PEEPLES, | Case No. 1:23-cv-45 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| DAVID C. CONLEY, | **OPINION & ORDER** |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Report & Recommendation ("R&R") of May 9, 2023. (Doc. 5). Proper notice was afforded to the parties, *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); Fed. R. Civ. P. 72, and Plaintiff Kavin Lee Peeples has timely objected, (Doc. 6).

When objections are made to a Magistrate Judge's R&R on a nondispositive matter, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to any factual findings, and the "contrary to law" standard applies to any legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 U.S. Dist. LEXIS 5560, *15-16 (S.D. Ohio Jan. 14, 2013); *see Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) (observing that legal conclusions must be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent").

Peeples, a pro se litigant currently incarcerated at the Southern Ohio Correctional Facility, alleges that he has been unconstitutionally deprived of adequate medical care

1

for a severe chronic illness. (Doc. 5, PageID 91-92). However, pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g), Peeples has long been barred from proceeding in forma pauperis ("IFP") unless he shows that he is under imminent danger of serious physical injury. *See Peeples v. Bradshaw*, 110 F. App'x 590, 591 (6th Cir. 2004). The Magistrate Judge, looking to a previous conclusion that Peeples put forth only "[s]peculative allegations concerning the possibility of some undefined future harm," *see Peeples v. Conley*, No. 1:22-CV-622, 2022 U.S. Dist. LEXIS 230994, *9 (S.D. Ohio Dec. 22, 2022), again determined that he failed to meet the imminent-danger exception here, (Doc. 5, PageID 92-93).

Although Peeples argues that the alleged deprivation of medical care constitutes "an ongoing constitutional violation," he fails to put forth "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs.*, 772 F.3d 580, 585 (6th Cir. 2013) (cleaned up). The Sixth Circuit has come to the same conclusion in a recent ruling upholding this Court's denial of his motion for leave to proceed IFP; that ruling came in a case with the same operative set of facts. *See Peeples v. Conley*, No. 23-3113, slip op. at 3-4 (6th Cir. June 20, 2023).

Therefore, after reviewing this matter pursuant to Federal Rule of Civil Procedure 72(a), the Court **OVERRULES** Peeples's objection, (Doc. 6), and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R, (Doc. 5), in full. In accordance with that R&R, it is hereby **ORDERED** that:

1. Peeples's motion for leave to proceed IFP is **DENIED**, as he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g) and fails to make the requisite showing of imminent danger thereunder.

    a. In any currently pending case and any future case in which Peeples seeks leave to proceed IFP, he is **DIRECTED** to file a notice with the relevant federal court both disclosing that he has "three strikes" under Section 1915(g) and identifying all prior cases filed in any federal court.

    b. Peeples is **ADVISED** that the Court will dismiss with prejudice any future cases in which he seeks to proceed IFP without identifying previously-dismissed cases, *see, e.g.*, *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999), and that he may be subjected to additional sanctions pursuant to Federal Rule of Civil Procedure 11.

2. As Peeples is not entitled to pay only a partial filing fee under 28 U.S.C. §1915(b), to continue this litigation, he is **ORDERED** to pay the full filing fee within thirty (30) days of the date of the issuance of this Order.

    a. Peeples is **ADVISED** that if he fails to timely pay the full filing fee as directed, then this case will be dismissed with prejudice.

3. The Court **CERTIFIES** that an appeal of this Order would not be taken in good faith, and **DENIES** leave to appeal IFP.

**IT IS SO ORDERED.**

                                                      /s/ Michael R. Barrett
                                                      Michael R. Barrett, Judge
                                                      United States District Court